IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| LUCY LITTLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIV. ACT. NO. 3:08cv373-WKW-CSC |
| ) | (WO) |
| AUBURN UNIVERSITY, ) | |
| ) | |
| Defendant. ) | |

**OPINION** and **ORDER**

On February 3, 2010, the Equal Employment Opportunity Commission ("EEOC") filed a motion to quash and/or modify the subpoena to depose an EEOC investigator. (Doc. # 54.) Oral argument was held on February 16, 2010. Upon consideration of the motion and for the following reasons, the court concludes that the EEOC's motion to quash the subpoena is due to be denied.

The defendant seeks to take the deposition of EEOC investigator Julia Hodge. The EEOC opposes the taking of the deposition on the grounds that (1) the Regulations prohibit an investigator from testifying in response to a subpoena without prior approval from legal counsel; (2) the action is wasteful of public resources and places an unnecessary burden upon the EEOC in the performance of its statutory responsibilities; (3) information known to the investigator is protected by statutory privileges, the deliberative process privilege, and attorney-client privilege; and (4) the defendant will not be prejudiced by the exclusion of the investigator's testimony. The EEOC contends that all necessary information, such as the notes and other documentation taken by the

investigator during the investigation, have been provided to the defendant.

The defendant, however, argues that Ms. Hodge was the principal investigator in this case and that the documents provided do not indicate the basis of the investigator's "for cause" decision. In addition, the defendant maintains that some of the investigator's notations are illegible. The defendant contends that the EEOC's deliberative process privilege is not relevant because the deposition is limited to the factual investigation and does not offend the privilege.

First, the EEOC resists the deposition on grounds that the EEOC's legal counsel has not authorized Ms. Hodge to testify, relying on 29 C.F.R. § 1610.32 and the decision in *United States v. Touhy*, 340 U.S. 462, 467 (1951).

> . . . The Regulation, which prohibits employees of the Commission from producing any documents or testifying without the permission of the Commission's Legal Counsel, was enacted pursuant to what is known as the "Housekeeping Statute," 5 U.S.C. § 301. That Statute permits the head of an agency to prescribe regulations, such as the one at issue here, for the disclosure of its records. The *Touhy* court upheld the validity of the statute, immunizing an agency employee who refused to testify or produce documents based on an order from his superior, stating that the centralization of authority to release records was lawful. 340 U.S. at 469-70.
>
> However, *Touhy's* rationale was undermined by a decision rendered by the Supreme Court two years later, in which it considered a claim of governmental privilege and noted, "Judicial control over the evidence in a case cannot be abdicated to the caprice of executive officers." *United States v. Reynolds*, 345 U.S. 1, 9-10, 73 S. Ct. 528, 97 L. Ed. 2d 727 (1953). The holding in *Touhy* was further weakened by a 1958 amendment to the Housekeeping Statute, which added the language, "This section does not authorize withholding

> information from the public or limiting the availability of records to the public." The defendants argue that Touhy does not stand for the proposition that a federal agency may completely resist discovery efforts, and the court agrees.

*Turner v. Kansas City S. Ry. Co.*, Nos. 03-2742, 05-2668, 2009 WL 651766, at *1 (E.D. La. March 11, 2009), *quoting Blanks v. Lockheed Martin Corp.*, No. 4:05cv137LR, 2006 WL 1892512, at *1 (S.D. Miss. July 10, 2006).

Nonetheless, it is conceivable that the investigator may have knowledge of some relevant information that is subject to a privilege assertion, including the attorney-client privilege or deliberative process privilege. The defendant, however, asserts that it does not seek any information that may be protected by the deliberative process or attorney-client privileges. (Doc. No. 56, p. 5-6.) Specifically, Auburn argues that the privileges are not implicated because defense counsel "does not intend to inquire about internal discussions within the EEOC about the determinations, nor does it plan to inquire about any discussions Ms. Hodge may have had with legal counsel regarding the charge, investigation and/or determinations." (*Id.*, p. 6.)

The deliberative process privilege protects "the decision making processes of government agencies." *NLRB v. Sears Roebuck & Co.*, 421 U.S. 132, 150 (1975).

> In order to be protected by the deliberative process privilege, the document must be both "predecisional" and "deliberative." *Assembly of the State of California v. United States Department of Commerce*, 968 F.2d 916, 920 (9th Cir. 1992). A "predecisional" document is one "prepared in order to assist an agency decisionmaker in arriving at his decision," . . . and may include "recommendations, draft documents, proposals, suggestions, and other subjective documents which

3

> reflect the personal opinions of the writer rather than the
> policy of the agency" . . . A predecisional document is part of
> the "deliberative process," if "the disclosure of the materials
> would expose an agency's decisionmaking process in such a
> way as to discourage candid discussion within the agency and
> thereby undermine the agency's ability to perform its
> functions." *Assembly of the State of California*, 968 F.2d at
> 920, *quoting Formaldehyde Inst. v. Department of Health and
> Human Services*, 889 F.2d 1118, 1122 (D.C. Cir. 1989)
> (citations omitted). Factual material generally is not
> considered deliberative, but the fact/opinion distinction
> should not be applied mechanically. *Assembly of the State of
> California*, 968 F.2d at 921-922. Rather, the relevant inquiry
> is whether "revealing the information exposes the deliberative
> process." *Id*.

In this case, many of the questions the defendant wants to pose are related to clarifying factual information contained in the EEOC's investigative file and would not be covered under the deliberative process privilege. The information Auburn is seeking is similarly not cumulative because the questions relate to ambiguous references in the investigative file. For example, during oral argument, defense counsel indicated that some of the handwritten notations in the file are illegible. The court recognizes that the court's review of this lawsuit is de novo and the EEOC's investigation is not subject to court review. Nonetheless, the fact that the EEOC has turned over its complete administrative file does not relieve the Agency of its obligation under Fed.R.Civ.P. 30(b)(6) to provide a witness to answer questions about the documents for purposes of clarification and interpretation. *See EEOC v. California Psychiatric Transitions*, 258 F.R.D. 391, 396 (E.D. Ca. 2009) (citing *EEOC v. LifeCare Mgmt. Servs*., LLC, 2009 WL 772834 at *2 (W.D. Pa. 2009)). In this case, Auburn should be allowed to clarify

ambiguities related to the factual aspects of the material. However, any conclusions, interpretations, or recommendations that the investigator formulated would be subject to the privilege. Thus, any impressions of witnesses, including credibility determinations, are subject to the privilege. The EEOC is free to assert proper privilege objections, where appropriate, in the manner contemplated by Fed.R.Civ.P. 30(c)(2) during the deposition. *See Turner*, *supra*.

Finally, the EEOC's argument that the deposition places an undue burden on the Agency is not compelling in this particular case. During oral argument, plaintiff's counsel acknowledged that the plaintiff intends to introduce the EEOC's "for cause" determination at trial. Because the plaintiff seeks to use the investigator's determination against the defendant during a jury trial, the court concludes it would be unfair to allow the EEOC to evade discovery of materials which may clarify ambiguities related to the factual aspects of the investigative documentation. Basic fairness dictates that the EEOC submit to lawful discovery. Consequently, the Court will allow the deposition of Ms. Hodge to go forward with the understanding that the EEOC has the right to assert any applicable privilege in response to particular deposition questions and that the deposition will take no more than four hours.

Accordingly, it is

ORDERED as follows:

(1)   The motion to quash filed by the EEOC be and is hereby DENIED. (Doc. No. 54.)

(2) The deposition of Ms. Hodge shall exceed no more than four hours in duration.

Done this 17th day of February, 2010.

                              /s/Charles S. Coody
                              CHARLES S. COODY
                              UNITED STATES MAGISTRATE JUDGE